**Rosa Roos et al., Trustees, and Mrs. Rosa Roos, Individually, Defendants in Error, v. Christian Muth et al., Trustees, Plaintiffs in Error.**

## Gen. No. 16,819.

1. FRATERNAL BENEFIT SOCIETIES—*by-laws as to notice of sickness.* A by-law of a subordinate lodge requiring notice of sickness does not prevent the heirs of an insane member from recovering sick benefits where there is a by-law passed by the grand lodge of the order making notice unnecessary in cases of insanity.

2. ADMINISTRATION OF ESTATES—*misjoinder of parties.* Where the executors are also trustees for the benefit of the widow and have made their final report, it is not a misjoinder for them, acting in execution of the trust, to sue on a claim of the estate, when joined with the widow.

Error to the Municipal Court of Chicago; the Hon. McKENZIE CLELAND, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed December 11, 1912. Rehearing denied December 26, 1912.

JAMES EWING DAVIS and WILLIAM H. A. RUST, for plaintiffs in error.

GOLDZIER, RODGERS & FROELICH, for defendants in error.

MR. JUSTICE BAUME delivered the opinion of the court.

In a suit brought in the Municipal Court by Rosa Roos, Otto A. Roos, and Ida Roos, trustees under the last will and testament of Edward Roos, deceased, and Rosa Roos, against certain persons as trustees of Lily of the West Lodge, No. 407, Independent Order of Odd Fellows, a corporation, to recover sick benefits alleged to have accrued to Edward Roos, a member of said order, in his lifetime, a trial by the court without a jury resulted in a finding and judgment against said defendants for $669, to reverse which judgment they prosecute this writ of error.

It is conceded that at the time of his death Edward Roos was and had been for many years a member in good standing of said order; that he was sick from September 5, 1904, until his death on October 21, 1907, and entitled to sick benefits, save for his failure to comply with the provisions of the by-laws of the order relating to notice to the lodge of his illness; that if a recovery may be had in this case the judgment is not excessive.

The by-laws provide that "a sick brother has either to report himself sick at the open lodge or by a brother of the sick committee;" that "at the time of his sick report, the sick brother shall furnish to the lodge a physician's certificate stating the cause and nature of the disability;" that "members residing outside of the city * * * have to report their sick circumstances, in full detail, and have said report certified by the Noble Grand of the next lodge and acknowledged by a notary public;" that the "visiting card must also be sent to the lodge;" that "a brother who is ill out-

side of the jurisdiction of this lodge, in order to receive benefits, shall furnish to this lodge a certificate of a regular practicing physician," prescribing the form of such certificate.

On September 4, 1904, Edward Roos, while temporarily at Fond du Lac, Wisconsin, was stricken with paresis, and on the following day was removed to a sanitarium at Wauwatoosa, Wisconsin, where he remained until his death, on October 21, 1907, during all of which time he was insane. On November 16, 1904, he was adjudged by the Probate Court of Cook County to be a distracted person. He gave no notice to the lodge of his disability in the manner prescribed by the by-laws.

It is insisted on behalf of plaintiffs in error that the failure of the deceased to give such notice precludes a recovery. Whether or not an insane person is, by reason of his insanity, relieved or excused from performing certain provisions in a contract of insurance relating to notice or the like, is a somewhat mooted question, but upon this record the question is purely academic and need not, therefore, be determined.

Section 2114 of the "By-Laws, Code 1906, I. O. O. F., adopted and authorized by the Grand Lodge of the State of Illinois of the Independent Order of Odd Fellows," provides as follows:

"A Lodge by-law, requiring certified notice of sickness or disability to be sent to the lodge once a week or once in two weeks, may not be enforced against a brother who is insane. Such a brother is incapacitated from complying with it."

This constitutes an express declaration by the grand lodge of the order, binding upon the subordinate lodge of which the deceased was a member, that the provisions of the by-laws of the subordinate lodge relating to the notice here involved may not be enforced against a brother who is insane, and that such brother is incapacitated from complying therewith. The order

itself has thus construed the provisions of its by-laws relating to notice adversely to the contention of plaintiffs in error. It is needless to say that plaintiffs in error are bound by such authoritative declaration and construction.

It is said that there can be no recovery because in his application for membership the deceased agreed "to seek all remedies and redress in the tribunals of the order before resorting to a court of law," and that the deceased or defendants in error failed so to do. If any such application for membership exists, it does not appear to have been offered or introduced in evidence. What purports to be a copy of a form of application for membership, appears embodied in an affidavit filed in support of a motion interposed by plaintiffs in error in the trial court to dismiss the suit, but neither the affidavit nor application for membership appears in the stenographic report of the proceedings.

It is also insisted that there is a misjoinder of parties plaintiff, and that there is no right of recovery in defendants in error as trustees under the will of Edward Roos. By the third paragraph of the will the testator gave to his widow, Rosa, such amounts as might be due from any policies of insurance on his life from any life insurance company or beneficiary order. The fourth paragraph of the will is as follows:

"All the rest of the residue and remainder of my estate, whether real or personal or mixed, and wheresoever situated, I give, bequeath and devise to my wife, Rosa Roos, my son, Otto A. Roos, and my daughter, Ida Roos, as trustees for the benefit of my wife, Rosa Roos, and my children me surviving."

The estate of the deceased was finally settled in the Probate Court of Cook county on November 25, 1908, and from the record thereof it appears that the executors named in said will, who were also named as trustees therein, turned over to themselves as trustees the claim here involved. Plaintiffs in error insisted

in the trial court that the suit should have been brought jointly by the widow and all the surviving children of the deceased, and not by the trustees. The trial court held otherwise and thereafter the widow who is also a trustee was made a party paintiff. It is now insisted that the suit can only be maintained by the executors. The executors having made their final report, which was approved, and the same persons, acting as trustees, having taken over the remaining personal property of the estate in the execution of the trust under the will, there can be no impropriety in permitting such trustees to maintain the action. Clearly a recovery by such trustees would preclude another recovery on the same cause of action. The fact that the widow, Rosa Roos, was also permitted to be joined as a party plaintiff does not require a reversal of the judgment.

We perceive no substantial error in the record, and the judgment is affirmed.

*Judgment affirmed.*